```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 ORLANDO ARCENIO HERRERA GOMEZ,

                    Plaintiff,           MEMORANDUM & ORDER
                                            23-CV-3183(EK)
       -against-

 COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

    Plaintiff Orlando Herrera Gomez, proceeding *pro se* and *in forma pauperis* for the purposes of this order, seeks review of the informal determination of the Social Security Administration that he is not eligible for Supplemental Security Income.  The informal determination found that he was "ineligible" because he told the agency that he did not want to file a claim for benefits — a prerequisite to receiving them. The Commissioner now moves to dismiss the complaint for lack of subject matter jurisdiction.  For the reasons below, that motion is granted.

## I.   Background

    Herrera Gomez alleges that the Social Security Administration issued an unfavorable decision against him, denying him Supplemental Security Income (SSI).  Complaint, ECF No. 1, at 1-2.  Using a form complaint for Social Security

appeals, he alleges — implausibly — that on January 4, 2023, three events occurred simultaneously: (1) an Administrative Law Judge denied his claim, (2) the Appeals Council denied his request for review, and (3) he received the letter from the Appeals Council denying review. *Id.* at 2. The form complaint indicates that he must "attach a copy of the Appeals Council's letter to this complaint." *Id.* Herrera Gomez has not done so; instead, he attached a letter from the agency indicating that on January 4, he spoke with someone from the agency on the phone and discussed his eligibility for SSI. *Id.* at 4. The letter indicates that the agency "made an informal decision" that he is not eligible because "[y]ou told us you do not want to file a claim for SSI." *Id.* Herrera Gomez now seeks review in this court.

## II.   Discussion

Judicial review of social security decisions is limited to "final decision[s] of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). A final decision consists of two elements: "(i) the 'jurisdictional,' non-waivable requirement that a claim for benefits has been presented to the Secretary and (ii) the 'waivable' requirement that the administrative remedies prescribed by the Secretary have been exhausted." *City of New York v. Heckler*, 742 F.2d 729, 734 (2d Cir. 1984). "[A]n individual is not eligible for

SSI unless he or she first files an application." *Brunetti v. Massanari*, 24 F. App'x 19, 20 (2d Cir. 2001) (citing 20 C.F.R. §§ 416.305 and 416.202(g)).  Furthermore, an "oral inquiry does not constitute such an application."  *Id.* (citing *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996).

Herrera Gomez has not adequately pled that he filed an application for SSI.  Instead, his complaint — taken in combination with the letter he attaches — indicates that on January 4, 2023, he had an informal conversation with an official from the Social Security Administration who informed him that in order to be eligible for SSI, he would need to apply for SSI.

Because he has not "even alleged that he applied for disability benefits and was denied," this court is without subject matter jurisdiction to review his complaint. *Haddock v. Commissioner of Soc. Sec.*, No. 20-CV-1064 (KAM), 2020 WL 3104051, at *1 (E.D.N.Y. June 11, 2020).  Even if he had filed a claim and was denied, he would be required "to exhaust [his] administrative remedies before seeking judicial review."  *Id.*[1] The complaint does not allege that he has done so, and this

---

[1] Exhaustion is waivable, but only where the "claims are collateral to the demand for benefits, where exhaustion would be futile, or where the harm suffered pending exhaustion would be irreparable."  *Heckler*, 742 F.2d at 736. The complaint does not allege any facts suggesting that waiver is appropriate here.

court is therefore without subject matter jurisdiction to review it.

### III. Conclusion

Herrera Gomez's complaint is dismissed without prejudice for lack of subject matter jurisdiction. If the plaintiff believes he is eligible for disability payments and has not already filed an application for benefits, he must begin that process by filing an application for benefits with the Social Security Administration.

The court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

      /s/ Eric Komitee
      ERIC KOMITEE
      United States District Judge

Dated:   March 13, 2024
           Brooklyn, New York